UNITED STATED DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

```
***********************************************************
                                *
RIVERETZ'S AUTO CARE,           *       CIV. 08-4208
                                *
            Plaintiff,          *
                                *       MEMORANDUM OPINION AND
       -vs-                     *       ORDER GRANTING DEFENDANT'S
                                *       MOTION TO DISMISS
                                *
CITI CARDS,                     *
                                *
            Defendant.          *
                                *
***********************************************************
```

Pending before the Court is Defendant, Citibank's[1], motion to dismiss *pro se* Plaintiff, Riveretz's Auto Care's, complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 11.)

## BACKGROUND

The facts will be stated in the light most favorable to Plaintiff, the non-moving party in this motion to dismiss.

On or about September 19, 2008, Plaintiff used its Citibank credit card to pay Maintenance Services LLC $3,565.00 for services provided. On September 19, 2008, Citibank called Plaintiff about the transaction and Plaintiff approved payment of the full amount to Maintenance Services LLC.

On October 16, 2008, Maintenance Services LLC informed Plaintiff that the payment had

---

[1] In their Motion to Dismiss, Defendant states that it has been erroneously sued as "Citi Cards" rather than as Citibank.

been cancelled. As a result of Plaintiff's failure to pay its bill, Maintenance Services LLC refused to provide any further services to Plaintiff. This incident resulted in harm to Plaintiff's reputation and other service companies began to refuse service to Plaintiff.

On October 17, 2008, Plaintiff contacted Citibank about the cancelled payment and Citibank replied that it did not have record of such transaction between September 15th and 30th of 2008. Additionally, Citibank allegedly denies that it ever placed a call to Plaintiff on September 19, 2008, during which Plaintiff approved the $3,565.00 payment to Maintenance Services LLC.

On November 6, 2008, Plaintiff contacted Citibank once again and was told that the reason the payment had been cancelled was because Plaintiff had exceeded its credit limit when Plaintiff had never in fact exceeded its credit limit. (*See* Attachments to Compl.)

On December 24, 2008, Plaintiff, a citizen of King County, Washington, filed a Complaint against Defendant, Citibank, a citizen of Sioux Falls, South Dakota, in the United States District Court for the District of South Dakota Southern Division. Plaintiff alleges that as a direct and proximate result of Citibank's cancellation of payment, it "had to spend hours to track the issues with the service company to find out exactly what's going on" and lost thousands of dollars because Plaintiff was unable to purchase gasoline from Maintenance Services LLC and other service companies at a time when gasoline prices were low. Plaintiff claims that it suffered economic damages in the amount of $8,988.57 as a result of Citibank's cancellation of payment.

On March 10, 2009, Citibank filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 11.) On March 25, 2008, Plaintiff filed what it appears to be its response to Citibank's motion to dismiss. (Doc. 13.) Therein, Plaintiff states that it agrees with the arguments put forth by Citibank in its motion to dismiss and agrees to dismiss the Complaint, but still seeks financial compensation in the amount of $8,988.57. Because Plaintiff still seeks monetary relief in this case, the Court will address Citibank's motion to dismiss

on its merits.

## LEGAL STANDARD

Rule 12(b)(1) Standard

The legal standard this Court shall use to evaluate a motion to dismiss pursuant to Rule 12(b)(1) depends on whether the Court must resolve a facial or a factual attack on subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). A facial attack requires a court to determine if a plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.* As with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court evaluating a facial challenge under Rule 12(b)(1) must accept all facts in the complaint as true and view the complaint in the light most favorable to the non-moving party. *Id.* In a factual attack, however, a court does not presume the allegations to be true because the jurisdictional facts themselves are challenged. *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002); 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[4], at 12-39 (3d ed. 2007). The court thus has wide discretion in such a case, to look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt. *Osborn*, 918 F.2d at 730.

In the present case, Citibank asserts in its motion to dismiss that Plaintiff has failed to sufficiently allege a basis for subject matter jurisdiction because it has failed to plead an amount in controversy in excess of $75,000. Citibank's challenge to Plaintiff's Complaint is thus a facial one. As a result, in evaluating Citibank's motion to dismiss, the Court must accept all facts in the complaint as true and view the complaint in the light most favorable to Plaintiff, the non-moving party.

Rule 12(b)(6) Standard

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the

3

plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). A court need not accept as true "legal conclusions even if they are cast in the form of factual allegations . . . or go to the merits of the suit." *Ashley v. U.S. Dept. of Interior,* 408 F.3d 997, 1000 (8th Cir. 2005) (internal quotations and citations omitted).

Because the pleading rules require only "notice" pleading, rather than detailed fact pleading, a court must construe a plaintiff's allegations liberally, and should only dismiss a complaint if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

In deciding whether to dismiss, a court may consider only the facts alleged in the pleadings, documents attached as exhibits[2] or incorporated by reference in the pleadings,[3] and public documents.[4]

## DISCUSSION

I.   **Lack of Subject Matter Jurisdiction**

The Court finds it lacks subject matter jurisdiction over the claims asserted by Plaintiff in its

---

[2] *Stahl v. USDA*, 327 F.3d 697, 700-01 (8th Cir. 2003) (finding that district court properly considered contract documents that were attached to motion to dismiss without converting motion into one for summary judgment).

[3] *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citing *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997) (stating that may consider extra-pleading material "necessarily embraced by the pleadings" including documents incorporated by reference)).

[4] *Stahl,* 327 F.3d at 700-01 (finding that district court properly considered certain public records in ruling on a motion to dismiss under Rule 12(b)(6)).

Complaint. Plaintiff has asserted no federal causes of action and appears to assert that the Court has jurisdiction under 28 U.S.C. § 1332 to hear this matter based on diversity of citizenship. Section 1332 of Title 28 of the United States Code provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> > (1) citizens of different States;
> >
> > (2) citizens of a State and citizens or subjects of a foreign state;
> >
> > (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

While the parties are diverse in that Plaintiff is a citizen of King County, Washington, and Citibank is a citizen of Sioux Falls, South Dakota, the Court finds that Plaintiff has not alleged claims in excess of the $75,000, as is required under 28 U.S.C. § 1332. Plaintiff's claims are therefore dismissed.

Because the Court does not have subject matter jurisdiction over Plaintiff's claims, it need not address Citibank's alternative argument for dismissal under Federal Rules of Civil Procedure 12(b)(6).

For the foregoing reasons, it is hereby ORDERED that Citibank's Motion to Dismiss (Doc. 11) is GRANTED. Plaintiff's Complaint is dismissed without prejudice.

Dated this 27th day of August, 2009.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Winfred
DEPUTY